**RAY L. FLORES II**
**862 MONTERA LN.**
Boulder City, NV 89005
Tel.:    (858) 367-0397
Fax:    (888) 336-4037
rayfloreslaw@gmail.com
*Plaintiff*, in pro se



# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| **RAY L. FLORES II,**<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT F. KENNEDY, JR.,**<br>**In his Official Capacity as Secretary of the**<br>**Department of Health and Human Services,**<br><br>Defendant. | Civil Action 2:25-cv-00916-JAD-NJK<br><br>**COMPLAINT FOR DECLARATORY**<br>**RELIEF FOR VIOLATIONS OF THE**<br>**NATIONAL CHILDHOOD VACCINE**<br>**INJURY ACT OF 1986** |

1.      By law, the U.S. Department of Health and Human Services ("HHS") must indemnify vaccine manufacturers by becoming the substitute 'defendant' in the U.S. Court of Federal Claims when "side effects [such as injury or death] that were unavoidable,"[1] occur.

---

[1]     §300aa–22(b)(1) provides:

No vaccine manufacturer shall be liable in a civil action for damages arising from a vaccine-related injury or death associated with the administration of a vaccine after October 1, 1988, if the injury or death resulted from **side effects that were unavoidable** even though the vaccine was properly prepared and was accompanied by proper directions and warnings. (*emphasis added*)

1

COMPLAINT FOR DECLARATORY RELIEF

2.  As part of the National Childhood Vaccine Injury Act of 1986 ("86 Act"),[2] Congress gave manufacturers immunity from liability for injuries caused by vaccines. (42 U.S.C. § 300aa-11.) Concurrently, Congress required the HHS Secretary to be directly responsible for taking prescribed steps to ensure vaccine safety as part of the 86 Act; to wit: Mandate for safer childhood vaccines. (42 U.S.C. § 300aa-27.)

3.  Since the 86 Act is a no-fault system designed to compensate individuals injured by vaccines, the HHS Secretary has an ongoing, non-discretionary mandate to establish an agency task force comprised of the heads of the NIH, FDA, and the CDC ("Task Force") to ameliorate the risk of deadly and debilitating vaccine side effects. The Secretary shall then provide biennial reports of these improvements to Congress.

4.  However, HHS Secretary Robert F. Kennedy, Jr., and all ten of his predecessors never explained to Congress how they promoted the refinement and assured improvements in the "development of childhood vaccines to result in fewer and less serious adverse reactions than those vaccines on the market on December 22, 1987."

5.  While the successive string of HHS Secretaries violated this non-discretionary duty under the 86 Act, the number of licensed and often mandatory childhood vaccines has increased in quantity from four different vaccines on the CDC's Childhood Immunization Schedule in 1983,[3] (Exh. 1) to over 75 doses contained in 19 different vaccines on the schedule in 2025. (Exh. 2).[4]

---

[2] 42 U.S.C. §§ 300aa-1 through 300aa-34
[3] https://www.cdc.gov/vaccines/schedules/images/schedule1983s.jpg
[4] https://www.cdc.gov/vaccines/hcp/imz-schedules/downloads/child/0-18yrs-child-combined-schedule.pdf#:~:text=*%20COVID%2D19%20(1vCOV%2DmRNA%2C%201vCOV%2DaPS)

2

COMPLAINT FOR DECLARATORY RELIEF

The Secretary's failure to perform this critical duty in light of this jump in the number of CDC-recommended childhood vaccines is nothing less than irresponsible and dangerous.

6.     There is a strong correlation between the increase in vaccine dosages routinely given to children and the sharp increase in the prevalence of autism. According to the HHS, autism is now an epidemic that runs rampant.[5] According to the White House, "in 2022, an estimated 30 million children (40.7 percent) had at least one health condition, such as allergies, asthma, or an autoimmune disease."[6] The failure of the successive HHS Secretaries to develop safer vaccines and then report safety improvements as required under the 86 Act cannot be ruled out as being the primary culprit of this avoidable catastrophe. Children's vaccines remain as (and are arguably even more) deadly and dangerous than they were in 1987, particularly since vaccine manufacturers have no financial incentive since they bear no liability under the 86 Act.

7.     In over 35 years, all ten of Secretary Kennedy's predecessors failed to report to Congress the steps taken towards making safety improvements in childhood vaccines as required by the 86 Act. Over 100 days have passed since President Trump formed the Make America Healthy Again Commission chaired by Secretary Kennedy,[7] and no statutorily required Task Force on

---

%201%20or%20more,*%20Measles%2C%20mumps%2C%20rubella%20(MMR)%20See%20Notes.

[5] https://www.hhs.gov/press-room/autism-epidemic-runs-rampant-new-data-shows-grants.html Released April 15, 2025

[6] https://www.whitehouse.gov/presidential-actions/2025/02/establishing-the-presidents-make-america-healthy-again-commission/#:~:text=%C2%A0In%202022%2C%20an%20estimated%2030%20million%20children%20(40.7%20percent)%20had%20at%20least%20one%20health%20condition%2C%20such%20as%20allergies%2C%20asthma%2C%20or%20an%20autoimmune%20disease. Feb. 13, 2025

[7] https://www.whitehouse.gov/fact-sheets/2025/02/fact-sheet-president-donald-j-trump-establishes-the-make-america-healthy-again-

3

COMPLAINT FOR DECLARATORY RELIEF

childhood vaccine safety has been established. Therefore, any grace period for Mr. Kennedy to rectify the failure of his predecessors has ended.

8.  Congress included a broad citizen's action provision (42 U.S.C. §300aa-31) to bring suit, "where there is alleged a failure of the Secretary to perform any act or duty under this part." The safety of childhood vaccines must be Secretary Kennedy's very top priority. Since accomplishing this goal includes the performance of certain lawful duties that have not been performed, this citizen's action is hereby brought before this Court.

9.  Plaintiff has been harmed by the failure of the HHS Secretary to perform his duties for nearly 40 years. On March 15, 2025, Plaintiff sent Secretary Kennedy a 60-day notice (Exh. 3) as required by 42 U.S.C. §300aa-31(b) to advise him of his failure to perform and the threat of this suit. As of the date of filing, he hasn't performed, and he has not responded.[8]

**PARTIES**

10.  Robert F. Kennedy, Jr., is, and at all relevant times has been, the current Secretary of the United States Department of Health & Human Services and is sued in his official capacity.

11.  Ray L. Flores II is a resident of Clark County, Nevada.

**JURISDICTION AND VENUE**

---

commission/#:~:text=Chaired%20by%20U.S.%20Health%20and,the%20health%20of%20America's%20children.
[8] USPS tracking shows that the letter sent on March 15, 2025 (Exh. 4, p. 1) was received by HHS on March 17, 2025. (Exh. 4, p. 2)

4

COMPLAINT FOR DECLARATORY RELIEF

12. This Court has jurisdiction over this action pursuant to 42 U.S.C. §300aa-31(a); 28 U.S.C. §1331 and §2201, and the following sections having been met; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1361 (mandamus).

13. Venue lies in this judicial district under 28 U.S.C. §1391(e) since Mr. Flores is a resident of Clark County, Nevada. Further, 42 U.S.C. §300aa-31(a), provides that after a 60-day demand for rectification has been received; "Any person may commence in **a district court** of the United States a civil action on such person's own behalf against the Secretary where there is alleged a failure of the Secretary to perform any act or duty under this part." (*emphasis added*). Venue in this Court is proper.

14. The HHS Secretary's failure to establish the Task Force and submit reports provides this Court with jurisdiction to consider this case and then order the HHS Secretary to fulfill his obligations.

**FACTS**

15. In 2018, prior to assuming his role as the HHS Secretary, Mr. Kennedy was an attorney in private practice. He filed suit (along with co-counsel) against the HHS in S.D.N.Y. District Court (Case 1:18-CV-03215-JMF) seeking copies of biennial reports from 1989 to the 'present.' During the pendency of litigation, he personally became aware that the biennial reports required by the 86 Act were never submitted. His FOIA Complaint for Declaratory and Injunctive Relief sought a Court Order for the HHS to: "(1) disclose the reports transmitted to Congress under 42 U.S.C. § 300aa27(c), (2) assert an exemption for such reports, or (3) state that no such reports exist." (Exh. 5, p. 9) The HHS admitted that it could not locate copies of biennial reports that the

5

Secretaries submitted to Congress. (Exh. 6, p. 2). Plaintiff dismissed the case with prejudice via stipulation bearing Mr. Kennedy's signature. (Exh. 6, p. 3). Less than one month prior to dismissing that case, Mr. Kennedy's co-counsel received an HHS letter informing him that the 86 Act's required Task Force was established in 1990, and that it "was disbanded in 1998." (Exh. 7 p. 1.)

16. After former HHS Secretary, Xavier Becerra, conceded that neither he nor his predecessors ever provided safety improvement reports to Congress as required by law, Secretary Kennedy can draw a reasonable conclusion that many 'unavoidable' side effects (including death) could have been avoided.

17. **The MAHA Report** Making Our Children Healthy Again (Assessment)[9] was released on May 22, 2025, by the MAHA Commission, Secretary Kennedy, Chair. It concedes: "In fact, HHS has faced lawsuits for failing to fulfill basic duties under the Mandate for Safer Childhood Vaccines such as its requirement to submit biannual reports to Congress on how it has made vaccines safer." However, Secretary Kennedy has still not performed his 'basic' duty to establish the Task Force and provide (the never-before-submitted) biennial reports to Congress as required by the 86 Act.

18. According to HRSA 'successful' claimants in suits against the HHS filed in the U.S. Court of Federal Claims have thus far received awards totaling over $5.2B (including attorney fees and costs) as compensation for those "unavoidable" side effects through fiscal year 2024.[10]

---

[9] https://s3.documentcloud.org/documents/25951543/maha-master-doc.pdf (p. 61)
[10] https://www.hrsa.gov/sites/default/files/hrsa/vicp/vicp-stats-07-01-24.pdf

COMPLAINT FOR DECLARATORY RELIEF

Vaccine manufacturers never have to defend these cases in an Article III Court. If that were the case, awards would be stratospherically higher.

19. Secretary Kennedy is the first in his position to admit a lack of scientific-method testing. Secretary Kennedy is acutely aware of the empty assurances of adequate safety as well as the risks accompanying unsafe, untested and unimproved injections. Recently, as widely reported, Mr. Kennedy admitted that "except for the COVID vaccine, none of the vaccines on the CDC's childhood recommended schedule were tested against an inert placebo, meaning we know very little about the actual risk profiles of these products."[11]

20. Under the 86 Act's required safety improvements, Plaintiff should have confidence in CDC-recommended vaccines. But the Secretary and his predecessors have not followed the law and have not taken steps to improve vaccines, which Congress declared to have "unavoidable" side effects.

21. By not following the law for nearly four decades, the HHS Secretary has led an increasing number of Americans (including Plaintiff and his family) to distrust vaccines due to the inaction of the leaders of the very agency that is charged with the duty to protect children's safety. Without adequate assurances and efforts of safety measures to make side effects more avoidable, Mr. Flores and his family can't make informed decisions in light of

---

[11] https://www.npr.org/sections/shots-health-news/2025/05/01/nx-s1-5383172/rfk-jr-placebo-vaccine-testing-studies#:~:text=except%20for%20the%20COVID%20vaccine%2C%20none%20of%20the%20vaccines%20on%20the%20CDC%27s%20childhood%20recommended%20schedule%20was%20tested%20against%20an%20inert%20placebo%2C%20meaning%20we%20know%20very%20little%20about%20the%20actual%20risk%20profiles%20of%20these%20products.

COMPLAINT FOR DECLARATORY RELIEF

the onslaught of current and seemingly never-ending outbreaks. All the new and widely-publicized MAHA programs do not relieve the Secretary of his already existing duty under the 86 Act. The failure of the former Secretaries to take steps to perform the very task that led Mr. Kennedy to file suit in 2018 still persists. Plaintiff asks that this Court order him to perform his non-discretionary obligations and obey the 86 Act's Mandate for Safer Childhood Vaccines.

22. Plaintiff is the parent of a Clark County high school student. He had to leave his lifelong state of California due to a requirement that a minimum of 37 vaccine doses were needed to attend and graduate from any California high school. Personal choice and religious exemptions are not allowed under SB 277,[12] and Plaintiff's child's medical exemption was rendered void under SB 276.[13]

23. Due to the Secretary's failure to take the required steps towards improving childhood vaccines for nearly four decades, Plaintiff's decision to leave the California to protect his child from multiple injections of unsafe, untested and unimproved vaccines required in order for his child to receive a proper education was necessary and reasonable since California schools mandate dozens of doses of these vaccines (in effect without exception). Plaintiff's lack of confidence in HHS's unsubstantiated assurances of safety forced Plaintiff to homeschool, send his child out of the country, and eventually move to Nevada for his child to receive an in-person high school education within the United States.

---

[12] https://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=201520160SB277
[13] https://leginfo.legislature.ca.gov/faces/billTextClient.xhtml?bill_id=201920200SB276

24. Although California is one of a handful of states with draconian school vaccine mandates, Nevada is one of the states that still allows for medical and religious exemptions to school vaccinations. On June 24, 2024, Plaintiff moved his family to Nevada for his child to be able to attend high school in person rather than take the unnecessary and unknown risks of multiple vaccinations.

25. The 86 Act's citizen's action provision (U.S.C. § 300aa-31) provides a clear right to relief. Mr. Kennedy has been repeatedly made aware of his duties that he continues to violate. No other adequate remedy either in law or equity exists.

## COUNT I
## VIOLATION OF THE NATIONAL CHILDHOOD VACCINE INJURY ACT OF 1986 (42 U.S.C. §300aa-1, et. seq.)

26. Plaintiff incorporates the foregoing as though fully set forth herein.

27. The 86 Act permits Citizen's Actions:

> [A]ny person may commence in a district court of the United States a civil action on such person's own behalf against the Secretary where there is alleged a failure of the Secretary to perform any act or duty under this part. (42 U.S.C. § 300aa-31(a).)

28. Defendant in his official capacity and his predecessors were required to take steps to improve the safety of childhood vaccines by establishing a Task Force.

> Under the 86 Act's Mandate for safer childhood vaccines (42 U.S. Code § 300aa-27):
>
> (a)(1) [The Secretary shall] promote the development of childhood vaccines that result in fewer and less serious adverse reactions than those vaccines on the market on December 22, 1987, and promote the refinement of such vaccines, and
>
> (a)(2) [The Secretary shall] make or assure improvements in, and otherwise use the authorities of the Secretary with respect to, the licensing, manufacturing, processing, testing, labeling, warning, use instructions, distribution, storage, administration, field

surveillance, adverse reaction reporting, and recall of reactogenic lots or batches, of vaccines, and research on vaccines, in order to reduce the risks of adverse reactions to vaccines.

(b)(1) The Secretary shall establish a task force on safer childhood vaccines which shall consist of the Director of the National Institutes of Health, the Commissioner of the Food and Drug Administration, and the Director of the Centers for Disease Control.

Along with Secretary Kennedy's predecessors over the past 25 years, he has also failed to establish this Task Force to make or assure improvements as required by law.

29. The Secretary and all ten of his predecessors failed in their duty to:

42 U.S. Code § 300aa-27(c) Report

Within 2 years after December 22, 1987, and periodically thereafter, the Secretary shall prepare and transmit to the Committee on Energy and Commerce of the House of Representatives and the Committee on Labor and Human Resources of the Senate a report describing the actions taken pursuant to subsection (a) during the preceding 2-year period.

Despite this clear statutory requirement, no HHS Secretary has ever provided any such report to Congress.

30. Even though Plaintiff put Secretary Kennedy on written notice of these violations (Exh. 3) over 60 days ago, he continues to fail to perform the 86 Act's non-discretionary duties.

## COUNT II
## MANDAMUS
## 28 U.S.C. §1361

31. Plaintiff incorporates the foregoing as though fully set forth herein.

10

COMPLAINT FOR DECLARATORY RELIEF

32. To show entitlement to mandamus, "plaintiffs must demonstrate (1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016).

33. Since 60 days have passed since Secretary received a demand letter as required by 42 U.S.C. §300aa-31, Plaintiff is entitled by statute to "commence in **a district court** of the United States a civil action on such person's own behalf against the Secretary where there is alleged a failure of the Secretary to perform any act or duty under [the 86 Act]."

34. The Secretary's failure to abide by his Mandate for Safer Childhood Vaccines, establish the required Task Force and submit the required reports to Congress describing the actions taken by HHS to improve vaccine safety to the United States Congress as required violates the 86 Act.

35. Plaintiff has no other remedy to begin to trust the safety of CDC recommended vaccines other than to file the instant suit for declaratory relief. The statute requires that only Secretary Kennedy himself shall establish the Task Force and submit biennial reports to Congress. Plaintiff provided 60-day notice that the Secretary has ignored. Secretary Kennedy continues to violate his clear, nondiscretionary duties under the 86 Act.

36. Pursuant to 28 U.S.C. §1361 federal district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. §1361 provides the Court with jurisdiction to order the Secretary to fulfill his obligations. (*See also* 42 U.S.C. §300aa-31(a).)

11

COMPLAINT FOR DECLARATORY RELIEF

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment against Defendant, in his official capacity, providing the following relief:

i) A declaration that HHS Secretary, Robert F. Kennedy, Jr., has violated the National Childhood Vaccine Injury Act of 1986 by failing to perform his non-discretionary and mandatory duties required by the "Mandate for safer childhood vaccines" (42 U.S. Code § 300aa-27) to establish a task force and submit biennial reports to Congress as required under 42 U.S.C. § 300aa-27 (b) and (c);

ii) An order compelling HHS Secretary, Robert F. Kennedy, Jr., to perform all his non-discretionary and mandatory duties required by the "Mandate for safer childhood vaccines" (42 U.S. Code § 300aa-27) including, but not limited to establishing the task force (b) and submitting biennial reports to Congress (c) by an expeditious certain date;

iii) An order retaining jurisdiction over this matter until such time as HHS Secretary, Robert F. Kennedy, Jr., has complied with his non-discretionary duties under the National Childhood Vaccine Injury Act of 1986 (42 U.S.C. § 300aa-27 (b) and (c));

iv) An order awarding Plaintiff costs of litigation, including reasonable attorneys' fees as provided by 42 U.S.C. § 300aa-31; and,

v) Such other and further relief as the Court deems just and proper.

Dated: May 27, 2025

Ray L. Flores II, Plaintiff

COMPLAINT FOR DECLARATORY RELIEF